UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELAINA WASHINGTON, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff<br><br>v.<br><br>CASHFORIPHONES.COM, fka Cashforlaptops.com,<br><br>　　　　Defendant. | Civil No. 15-cv-0627-JAH (JMA)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE (Doc. # 14) |

INTRODUCTION

Pending before the Court is Defendant's motion to dismiss or transfer for improper venue. (Doc. # 14). After careful review of the parties' pleadings, and for the reasons set forth below, the Court DENIES Defendant's motion.

FACTUAL BACKGROUND

Defendant is an internet-based company that purchases used electronic devices from individuals. Individuals desiring to sell their used iPhones to Defendant input the model and condition of their iPhone on Defendant's website and are instantly provided an initial quote of the amount that Defendant will pay for the iPhone. All individuals who wish to sell their iPhones to Defendant via Defendant's website are required to click a box

signifying that they agree to Defendant's Terms and Conditions ("Terms"). The Terms contain a mandatory forum selection and choice of law clause. Specifically, the clause provides:

> THESE TERMS AND CONDITIONS ARE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, NEVADA LAW, AND NO CONFLICT OF LAWS OR PROVISIONS OF ANY JURISDICTION WILL APPLY TO THESE TERMS AND CONDITIONS. BY CHECKING THE BOX STATING "I AGREE TO THE TERMS AND CONDITIONS" AND THEREAFTER CLICKING ON "SELL NOW," YOU ARE AUTHORIZING THIS TRANSACTION PURSUANT TO ALL SUCH TERMS AND CONDITIONS. CHECKING THE BOX "I AGREE" FURTHER ACKNOWLEDGES YOUR AGREEMENT THAT ANY ACTION AT LAW OR IN EQUITY ARISING OUT OF OR RELATING TO THESE TERMS AND CONDITIONS WILL BE FILED ONLY IN STATE OR FEDERAL COURT LOCATED IN RENO, NEVADA AND YOU HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS OVER ANY SUIT, ACTION, OR PROCEEDING ARISING OUT OF THESE TERMS AND CONDITIONS.

(Doc. # 1, Exh. A). Once a party agrees to the Terms, Defendant sends the party packaging with pre-paid postage in which the party can ship his iPhone to Defendant. Upon receiving the iPhone, Defendant may revise its initial quoted price and notify the party via email of any change. The party then has three days to contact Defendant and reject the revised price, otherwise, per the Terms, the party is deemed to have accepted the new offer.

Plaintiff is woman who lives in La Mesa, California, and sold her used iPhone to Defendant. In January, 2015, Plaintiff received an initial quote of

$88 for her used iPhone from Defendant's website. Plaintiff then sent her used iPhone to Defendant. On February 2, 2015, Defendant sent Plaintiff a revised offer of $9 via email. That same day, Plaintiff emailed Defendant declining its revised offer and requesting Defendant return her iPhone. Plaintiff also called Defendant several times, but was either put on hold or her call was not answered. When Plaintiff finally spoke with someone at Defendant's company, Plaintiff was informed that she could no longer reject Defendant's revised offer because the three-day rejection period had expired. Defendant deposited $9 in Plaintiff's PayPal account on February 6, 2015.

## PROCEDURAL BACKGROUND

On March 19, 2015, Plaintiff filed a class action complaint against Defendant alleging violations of: (i) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, (ii) California Business and Professions Code § 17200, *et seq.*, (iii) California Business and Professions Code § 17500, *et seq.*, (iv) Cal. Civ. Code § 1573, (v) fraudulent inducement and representation, (vi) breach of contract, (vii) conversion, (viii) breach of the implied covenant of good faith and fair dealing, (ix) fraud, (x) fraudulent misrepresentation, and (xi) negligent misrepresentation. (See Doc. # 1). On June 18, 2015, Defendant filed a motion to dismiss or transfer the action for improper venue. (Doc. # 14). Plaintiff filed an opposition to Defendant's motion to dismiss on August 10, 2015 (Doc. # 20), and Defendant filed a reply on August 17, 2015 (Doc. # 24).

## LEGAL STANDARD

The court applies federal law to the interpretation and enforcement of a forum selection clause. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 2009). Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue. Plaintiff bears the burden of demonstrating venue is proper. See Piedmont Label Co. v. Sun

Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside the pleadings. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Similarly, 28 U.S.C. § 1406(a) permits a district court to dismiss or transfer an action laying venue in the wrong district. However, a court shall not dismiss an action pursuant to Rule 12(b)(3) or § 1406(a) when venue is established under 28 U.S.C. § 1391 in the forum in which the action was initiated. See Atl. Marine Constr. Co., v. U.S. District Court, 134 S. Ct. 568, 577 (2013).

Venue is proper under § 1391 in: (1) a judicial district in which any defendant resides if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Venue may be properly established under § 1391 irrespective of whether the parties' contract contains a forum selection clause. Atl. Marine, 134 S. Ct. at 578.

When venue is properly established under § 1391(b), a party may enforce a forum selection clause through a motion to transfer under 28 U.S.C. § 1404(a). Id. at 579. Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts generally have broad discretion in deciding a motion to transfer under § 1404(a). Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause.... [A] valid forum-selection clause should be given

///

controlling weight in all but the most exceptional cases." Atl. Marine, 134 S. Ct. at 581 (internal quotations and alterations removed).

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 17 (1972)).  However, "a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought....' " Doe 1, 552 F.3d at 1083 (quoting Bremen, 407 U.S. at 15).

## DISCUSSION

A. Motion to Dismiss Pursuant to 12(b)(3) and U.S.C. § 1406(a)

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff agreed to the Terms, which include a mandatory forum selection clause, the forum selection clause covers Plaintiff's claims, Plaintiff has not sufficiently rebutted the presumption of enforceability that accompanies forum selection clauses, and public interest factors favor enforcement of the forum selection clause.  In opposition, Plaintiff argues her complaint should not be dismissed because a motion to dismiss is not the proper procedural mechanism to enforce a forum selection clause under Atlantic Marine. Plaintiff further argues the contract is unenforceable because the Terms do not adequately identify the contracting parties insomuch as they refer to Defendant as "we" and "our company and its affiliates and subsidiaries" without naming the company or its related companies.

As discussed above, a court may not dismiss a complaint under Rule 12(b)(3) or § 1406(a) when venue is proper under § 1391.  See Atl. Marine, 134 S. Ct. at 577–79.  Plaintiff contends that "it is undisputed this case meets

///

the § 1393(b) [sic][1] criteria, since 'a substantial part of the events . . . giving rise to the claim occurred' in this district and the defendant corporation does business in this district." (Doc. # 20, pg. 14). Plaintiff explains that she attempted to sell her iPhone to Defendant and accepted Defendant's Terms from her home computer in La Mesa, California, which is located in the Southern District of California. Id. at 6. Defendant sent packaging with pre-paid postage to Plaintiff's home in the Southern District of California, so Plaintiff could send her iPhone to Defendant. Id. Defendant does not dispute that Plaintiff established venue under § 1391. Rather, Defendant asserts that establishing proper venue under § 1391 is insufficient to preclude the enforcement of the forum selection clause. (See Doc. # 14, pg. 7–8, 11). In regards to its motion to dismiss, Defendant is mistaken.

The Supreme Court clearly stated in Atlantic Marine that a complaint shall not be dismissed pursuant to Rule 12(b)(3) and § 1406(a) if venue is properly established under § 1391. 134 S. Ct. at 577–79. If venue is established under § 1391, the action cannot be dismissed under Rule 12(b)(3) or § 1406(a), but must be enforced via a motion to transfer under § 1404(a) if seeking a different federal forum or under the doctrine of *forum non conveniens* if seeking a state forum. Id. at 579–80. The Court finds that Plaintiff properly established venue in the Southern District of California under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" within the confines of the Southern District of California. Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(3) and § 1406(a) is DENIED.

///

///

---

[1] Although Plaintiff cites to § 1393(b) rather than § 1391(b) while arguing that venue is proper, the Court construes Plaintiff's argument under § 1391 as Plaintiff cited to § 1391 in her discussion as to venue and directly quoted the statutory language of § 1391(b) following her cite to § 1393(b).

1   To the extent Defendant argues for dismissal under the doctrine of *forum non conveniens*, Defendant's motion is DENIED.[2]  "[T]he appropriate way to enforce a valid forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atlantic Marine, 134 S. Ct. at 580.  The forum selection clause in Defendant's Terms points to either state or federal courts in Nevada.  However, Defendant's argument based on *forum non conveniens* only applies to Defendant's attempt to dismiss the action insomuch as the Terms' forum selection clause points to Nevada state courts, which Defendant cannot do.

When a California plaintiff files an action in California alleging violations of the CLRA, a court may not dismiss the action for improper venue based on a forum selection clause designating an alternate state forum that lacks the protections afforded by the CLRA.  See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083–84 (9th Cir. 2009); Bayol v. Zipcar, Inc., No. 14-cv-02483-TEH, 2014 WL 4793935, *4 (N.D. Cal. Sept. 25, 2014).  To do so amounts to a waiver of the remedies provided by California's consumer law, and any such waiver is void and in violation of California public policy.  See Doe 1, 552 F.3d at 1084.  The application of Nevada law in this case "would effect the waiver of California's unwaivable consumer remedies." Bayol, 2014 WL 4793935, at *4.  Therefore, Defendant's motion to dismiss for *forum non conveniens* is DENIED.

///

---

[2] Defendant's motion to dismiss is based on Rule 12(b)(3) and § 1406(a). (See Doc. # 14, pg. 1–2) (stating in its introductory statement that "Cashforiphones.com moves to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a)" and requesting the Court "dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a)").  However, later in its motion, Defendant asks the Court to dismiss Plaintiff's complaint "on the ground of improper venue/*forum non conveniens*." Id. at 13.  After Plaintiff correctly asserts in her opposition that dismissal pursuant to Rule 12(b)(3) and § 1406(a) is not warranted when venue is established under § 1391, Defendant more aggressively argues in its reply that its motion to dismiss is based on the doctrine of *forum non conveniens* and should be granted thereon. (See Doc. # 24, pg. 3–4).

B. Motion to Transfer

Although Defendant titles its motion a Motion to Dismiss or Transfer for Improper Venue, Defendant's motion only requests dismissal. (See Doc. # 14). Defendant argues exclusively for dismissal asserting that "the interests of justice do not support a transfer of the matter" and "transfer should not be ordered." Id. at 14. After Plaintiff correctly asserts in her opposition that, under Atlantic Marine, dismissal pursuant to Rule 12(b)(3) and § 1406(a) is not warranted when venue is established under § 1391, Defendant changes its position in its reply, requesting for the first time that the action be transferred pursuant to § 1404(a) if the Court does not grant a dismissal. (Doc. # 24, pg. 5). In its reply, Defendant attempts to argue that its motion sought a transfer all along because it was titled accordingly and because Defendant cited Atlantic Marine, "and moved for dismissal or transfer, in line with Atlantic Marine's analysis." (Doc. # 24, pg. 4).

The Court is not persuaded. "The district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Defendant never requested a transfer pursuant to § 1404(a) in its motion and specifically argued against a transfer pursuant to § 1406. (See Doc. # 14, pg. 14). Defendant clearly raises the argument that the action should be transferred for the first time in its reply. Defendant's pseudo-request for a dismissal for *forum non conveniens* does not amount to a request for transfer under § 1404(a). "[Section] 1404(a) transfers are different than dismissals on the ground of *forum non conveniens*." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). Therefore, Defendant cannot assert that he requested a motion to transfer pursuant to § 1404(a) in his motion. Accordingly, the Court DENIES Defendant's request for a transfer without prejudice because it was not properly raised.

///

## CONCLUSION

For the reasons stated above, the Court finds dismissal based on the forum selection clause is not proper as the Plaintiff has established venue under § 1391. Further, the Court finds that Defendant failed to properly request a transfer because Defendant did not present that argument until its reply brief. Accordingly, Defendant's motion to dismiss or transfer the action for improper venue is DENIED.

IT IS SO ORDERED.

Dated:  February 26, 2016

_____
JOHN A. HOUSTON
United States District Judge