UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELAINA WASHINGTON, individually and on behalf of others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>CASHFORIPHONES.COM, fka Cashforlaptops.com,<br><br>Defendant. | Civil No. 15-cv-0627-JAH (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) (Doc. # 30)** |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a). (Doc. # 30). After careful review of the parties' pleadings, and for the reasons set forth below, the Court GRANTS Defendant's motion.

## FACTUAL BACKGROUND

Defendant is an internet-based company that purchases used electronic devices from individuals. Individuals desiring to sell their used iPhones to Defendant input the model and condition of their iPhone on Defendant's website and are instantly provided an initial quote of the amount that Defendant will pay for the phone. All individuals who wish to sell their iPhones to Defendant via Defendant's website are required to click a box signifying

that they agree to Defendant's Terms and Conditions ("Terms"). The Terms contain a mandatory forum selection and choice of law clause. Specifically, the Terms provide:

> THESE TERMS AND CONDITIONS ARE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, NEVADA LAW, AND NO CONFLICT OF LAWS OR PROVISIONS OF ANY JURISDICTION WILL APPLY TO THESE TERMS AND CONDITIONS. BY CHECKING THE BOX STATING "I AGREE TO THE TERMS AND CONDITIONS" AND THEREAFTER CLICKING ON "SELL NOW," YOU ARE AUTHORIZING THIS TRANSACTION PURSUANT TO ALL SUCH TERMS AND CONDITIONS. CHECKING THE BOX "I AGREE" FURTHER ACKNOWLEDGES YOUR AGREEMENT THAT ANY ACTION AT LAW OR IN EQUITY ARISING OUT OF OR RELATING TO THESE TERMS AND CONDITIONS WILL BE FILED ONLY IN STATE OR FEDERAL COURT LOCATED IN RENO, NEVADA AND YOU HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS OVER ANY SUIT, ACTION, OR PROCEEDING ARISING OUT OF THESE TERMS AND CONDITIONS.

(Doc. # 1, Exh. A). Once a party agrees to the Terms, Defendant sends the party packaging with pre-paid postage in which the party can ship his iPhone to Defendant. Upon receiving the iPhone, Defendant may revise its initial quoted price and notify the party via email of any change. The party then has three days in which to contact Defendant and reject the revised price, otherwise, per the Terms, the party is deemed to have accepted the new offer.

Plaintiff lives in La Mesa, California, and sold her used iPhone to Defendant. In January, 2015, Plaintiff received an initial quote of $88 for her used iPhone from Defendant's website. Plaintiff then sent her used iPhone to Defendant. On February 2, 2015, Defendant sent Plaintiff a revised offer of $9 via email. That same day, Plaintiff emailed Defendant declining its revised offer and requesting Defendant return her iPhone. Plaintiff also called Defendant several times, but was either put on hold or her call was not answered. When Plaintiff finally spoke with someone at Defendant's company, Plaintiff was informed that she could no longer reject Defendant's revised offer because the three-

1  day rejection period had expired. Defendant deposited $9 in Plaintiff's PayPal account on
2  February 6, 2015.

## PROCEDURAL BACKGROUND

On March 19, 2015, Plaintiff filed a class action complaint against Defendant alleging violations of: (i) the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*, (ii) California Business and Professions Code § 17200, *et seq.*, (iii) California Business and Professions Code § 17500, *et seq.*, (iv) California Civil Code § 1573, (v) fraudulent inducement and representation, (vi) breach of contract, (vii) conversion, (viii) breach of the implied covenant of good faith and fair dealing, (ix) fraud, (x) fraudulent misrepresentation, and (xi) negligent misrepresentation. (See Doc. # 1). On June 18, 2015, Defendant filed a motion to dismiss or transfer the action for improper venue. (Doc. # 14).  On February 26, 2016, this Court denied Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) and denied Defendant's motion to dismiss under the doctrine of *forum non conveniens*. (Doc. # 27).  The Court declined to address whether the matter should be transferred because Defendant had not properly requested that relief. Id.

On March 16, 2016, Defendant filed the instant Motion to Transfer Under 28 U.S.C. § 1404(a). (Doc. # 30). Plaintiff filed an opposition to Defendant's motion on April 20, 2016, and Defendant filed a reply on April 29, 2016. (Docs. # 33, 34).

## LEGAL STANDARD

In diversity cases, federal courts apply federal law in determining the enforceability of forum selection clauses. Manetti–Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988).  A forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Tex., 134 S. Ct. 568, 579 (2013). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) therefore provides a mechanism for

enforcement of forum-selection clauses that point to a particular federal district[,] [and] … a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Atlantic Marine, 134 S. Ct. at 579 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)).

When a party brings a motion to transfer pursuant to § 1404(a), the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once venue is determined to be proper in both districts, a court must consider public factors relating to "the interest of justice" and private factors relating to "the convenience of the parties and witnesses." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Such factors include: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause," and district courts must adjust their usual § 1404(a) analyses in three ways.[1] Atlantic Marine, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests," but instead may only consider arguments regarding public interest factors. Id. at

---

[1] The Supreme Court noted that this analysis presupposes a valid forum selection clause. Atlantic Marine Constr. Co., 134 S. Ct. 568, 581, n. 5 (2013).

582. Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id.

In M/S Bremen v. Zapata Off–Shore Co., the Supreme Court held that contractual forum selection clauses "are prima facie valid," and thus enforceable absent a strong showing "that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." 407 U.S. 1, 10, 15 (1972). "The party seeking to avoid the forum selection clause bears 'a heavy burden of proof.'" Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998) (en banc) (citing Bremen, 407 U.S. at 17)).

Federal courts have recognized the following three grounds for declining to enforce a forum selection clause: (1) where the inclusion of the clause in the contract was the result of "fraud or overreaching," (2) if the party seeking to avoid the clause would be effectively deprived of its day in court in the forum specified in the clause, or (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2003).

## ANALYSIS

Defendant provides three grounds for transferring this action to the District of Nevada, Northern Division. First, Defendant argues that its request for transfer is governed by § 1404(a). (Doc. # 30-1, pg. 3–4). Second, Defendant contends that the forum selection clause is valid and enforceable. Id. at 4–10. Finally, Defendant asserts that the Ninth Circuit's holding in Doe 1 v. AOL LLC, 552 F.3d 1077 (9th Cir. 2009), in which the Ninth Circuit invalidated a forum selection clause as contrary to California's public policy, is incorrect in light of Supreme Court authority favoring the enforcement of forum selection clauses. Id. at 6–9.

In opposition, Plaintiff argues that Defendant's motion should be denied for two reasons. First, Plaintiff asserts that this Court denied Defendant's request to transfer in its February 26, 2016 order. (Doc. # 33, pg. 11–14). Plaintiff argues that the denial of

1  Defendant's prior request to transfer under the doctrine of *forum non conveniens* precludes
2  the instant request to transfer under § 1404(a) because § 1404(a) is merely a codification
3  of the doctrine of *forum non conveniens.* Id. at 11. Thus, Plaintiff asserts that Defendant's
4  motion "amounts to nothing more than a Motion for Reconsideration of the Court's
5  February 26, 2016 ruling." Id. at 2. Second, Plaintiff asserts that transfer is inappropriate
6  because the forum selection clause is invalid. Plaintiff contends that the forum selection
7  clause is invalid because: (1) the underlying contract is void, (2) the forum selection clause
8  contravenes California public policy, and (3) the forum selection clause was the product of
9  fraud. Id. at 14–22.
10  In reply, Defendant makes four arguments. First, Defendant argues that, in the
11  February 26, 2016 order, this Court did not rule on whether the matter could be transferred
12  under § 1404(a). (Doc. # 34, pg. 1–2). Second, Defendant asserts that a forum selection
13  clause is not automatically invalid if contrary to state public policy, but rather that is one
14  factor for consideration in determining the enforceability of the clause. Id. at 2–6. Third,
15  Defendant contends that federal law governs the enforceability of the forum selection
16  clause, and the clause is valid and enforceable thereunder. Id. at 6–9. Lastly, Defendant
17  argues that, if the forum selection clause is found invalid, the Court should still transfer this
18  matter to the District of Nevada based on convenience factors. Id. at 9–10. Defendant states
19  that if the forum selection clause is found invalid, then the choice of law provision selecting
20  Nevada law as the governing law would be invalid as well, and Nevada district courts can
21  then competently apply California law in this matter. Id.

### A.  Reconsideration of the Court's February 26, 2016 Order

Before addressing whether the forum selection clause is enforceable, the Court must determine whether Plaintiff's Motion to Transfer Under 28 U.S.C. § 1404(a) is a motion to reconsider the Court's February 26, 2016 order. In her opposition, Plaintiff asserts that the Court already determined that this matter should not be transferred and that Defendant is attempting to relitigate this issue without establishing proper grounds for reconsideration. The Court disagrees.

1 Defendant is not seeking reconsideration because the Court never determined 2 whether this matter should be transferred pursuant to § 1404(a). In the February 26, 2016 3 order, this Court denied Defendant's request to dismiss under the doctrine of *forum non* 4 *conveniens.* (Doc. # 27, pg. 7). The Court explained therein that the doctrine of *forum non* 5 *conveniens* applied to Defendant's attempt to dismiss the action based on the forum 6 selection clause language pointing to Nevada *state* courts. Id. The Court denied Defendant's 7 attempt to do so finding that "a court may not dismiss [an action asserting CLRA violations] 8 for improper venue based on a forum selection clause designating an alternate state forum 9 that lacks the protections afforded by the CLRA." Id. The Court specifically declined to 10 address whether the action should be transferred because Defendant vehemently argued 11 against transfer until its reply brief, and district courts need not consider arguments first 12 raised at that stage. Id. at 8 (citing Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)). 13 Therefore, the Court finds that Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) 14 is not a motion to reconsider the Court's February 26, 2016 order.

15 **B.  Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)**

16 Plaintiff argues that the forum selection clause is unenforceable because: (1) the 17 underlying contract is void because it fails to clearly identify the contracting parties, (2) the 18 forum selection clause was the product of fraud, and (3) the forum selection clause 19 contravenes California public policy. (Doc. # 33, pg. 14–22). For the following reasons, the 20 Court finds that the forum selection clause is valid and enforceable.

21 **1.  The Court Need Not Determine Whether the Entire Contract Is Valid**

22 Plaintiff argues that the forum selection clause is void because the entire contract is 23 invalid for failing to adequately identify the contracting parties. (Doc. # 33, pg. 14). 24 Plaintiff explains that the contract refers to Defendant as "we," and states that "we" means 25 Defendant, its affiliates, and subsidiaries. However, the contract fails to name Defendant, 26 its affiliates, subsidiaries, or owners, which Plaintiff argues renders the contract 27 unenforceable under California law. Defendant contends that the forum selection clause is 28 governed by federal law, and is valid and enforceable thereunder. (Doc. # 34, pg. 6–7).

1    Defendant asserts that, even if California law is applicable, the forum selection clause is still
2    valid under California Civil Code § 1550 and the Uniform Electronic Transactions Act. Id.
3    at 7. Finally, Defendant argues that Plaintiff's argument is meritless because Plaintiff sought
4    out Defendant's website and agreed to the Terms, thus Plaintiff knew with whom she was
5    contracting. Id.  The Court finds that this issue need not be presently addressed.
6         When the issue before a district court is limited to venue under §1404(a), the court
7    need not address the validity of an entire contract. See SeeComm Network Servs. Corp. v.
8    Colt Telecomm., No. C 04-1283, 2004 WL 1960174, at *4 (N.D. Cal. Sept. 3, 2004) ("To
9    hold that the Forum–Selection Clause is invalid because the contract as a whole is invalid
10   … requires the Court to assess the merits of the case. [This] analysis is clearly backwards.
11   The question before the Court is the validity of the Forum–Selection Clause, not the validity
12   of the contract as a whole."); accord Cream v. N. Leasing Sys., Inc., No. 15-cv-1208, 2015
13   WL 4606463, at *6 (N.D. Cal. July 31, 2015); Lizdale v. Advanced Planning Servs., Inc.,
14   No. 10-cv-0834, 2011 WL 1103642, at *6 (S.D. Cal. Mar. 25, 2011). Instead, a party may
15   challenge a forum selection clause at this stage by arguing: (1) the inclusion of the clause in
16   the agreement was the product of fraud or overreaching; (2) the selected forum is so gravely
17   difficult and inconvenient that the complaining party would effectively be deprived of his
18   day in court were the clause enforced; or (3) enforcement would contravene a strong public
19   policy of the forum in which suit is brought. Holland Am. Line, Inc. v. Wartsila N. Am.,
20   Inc., 485 F.3d 450, 457 (9th Cir. 2007) (internal citations omitted). Because the issues
21   before this Court are limited to venue and the validity of the forum selection clause, the
22   Court declines to address whether the entire contract is valid. However, Plaintiff also asserts
23   that the forum selection clause should be invalidated because it was the product of fraud
24   and would contravene California public policy. These arguments are discussed below.
25               **2. The Forum Selection Clause Is Not the Product of Fraud**
26        Plaintiff argues that the forum selection clause should not be enforced because the
27   Terms are the product of fraud and she was fraudulently induced into entering into the
28   agreement with Defendant. (Doc. # 33, pg. 16–22). Defendant counters that Plaintiff has

not properly alleged that the forum selection clause is fraudulent and invalid because Plaintiff failed to allege that the forum selection clause, as opposed to the entire Terms, were a product of fraud. (Doc. # 34, pg. 8–9). The Court agrees with Defendant and finds that Plaintiff failed to show that the inclusion of the forum selection clause was the product of fraud.

In challenging a forum selection clause as fraudulent, a plaintiff must show that the forum selection clause itself, as opposed to the entire contract in which the clause is set forth, is the product of fraud or overreaching. See Scherk v. Alberto–Culver Co., 417 U.S. 506, 519 n. 14 (1974) (stating that "[a] forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion"). Here, Plaintiff argues that Defendant's inclusion of the forum selection clause in the Terms was part of Defendant's scheme to perpetuate fraud on its customers. (Doc. # 33, pg. 16). However, Plaintiff has made no showing that the forum selection clause itself was included in the Terms through fraudulent means. Vague and conclusory assertions such as those proffered by Plaintiff in this action are insufficient to defeat a forum selection clause. See Pac. Health Advantage v. CAP Gemini Ernst & Young U.S. LLC, No. C 07–1565, 2007 WL 1288385, at *2 (N.D. Cal. May 2, 2007) (rejecting unsupported claim that forum selection clause was the product of fraud or overreaching); Democracy Council of Cal. v. WRN Ltd., PLC, No. CV 10–5088, 2010 WL 3834035, at *5 (C.D. Cal. Sept. 27, 2010) (stating that "[plaintiff]'s general fraud allegation is not sufficient to nullify the forum selection clause and there is no evidence that the forum selection clause itself was inserted into the Agreement as a result of fraud, undue influence or overweening bargaining power"). Because Plaintiff failed to prove that the inclusion of the forum selection clause in the Terms was the product of fraud, the Court declines to find the clause unenforceable on that basis.

### 3. The Forum Selection Clause Does Not Contravene California Public Policy

Finally, Plaintiff contends that the forum selection clause is unenforceable because it contravenes California's public policy of protecting citizen-consumers' non-waivable

1  rights under the CLRA. (Doc. # 33, pg. 15–16). Although the Terms do no explicitly waive
2  any rights under the CLRA, they contain a choice of law clause specifying that disputes
3  related to the Terms shall be governed by Nevada state law. Thus, Plaintiff argues that,
4  when construed together, the Terms' forum selection and choice of law clauses "operate to
5  waive Plaintiff's rights under the CLRA." (Doc. # 33, pg. 15). As support for her position,
6  Plaintiff relies primarily on Doe 1 v. AOL LLC, 552 F.3d 1077 (9th Cir. 2009).
7  Alternatively, Defendant asserts that Doe 1's reasoning is flawed in light of Supreme Court
8  authority and that a forum state's policies should not dictate whether a forum selection
9  clause is enforceable and a case transferrable under § 1404(a). (Doc. # 30-1, pg. 6–7; Doc.
10 # 34, pg. 2–6). Neither party's argument is persuasive. Nevertheless, the Court finds that,
11 as applied to Defendant's request to transfer the matter to Nevada district court, the forum
12 selection clause does not contravene California public policy.

13        In Doe 1, the Court of Appeal for the Ninth Circuit addressed the enforceability of
14 a forum selection clause in an internet service provider's contract designating the "courts of
15 Virginia" as the proper forum for any disputes against the service provider and specifying
16 Virginia law as the governing law. 552 F.3d at 1080. Internet service subscribers filed a class
17 action lawsuit against the service provider in California district court alleging, in part,
18 violations of the CLRA. Id.  The internet service provider moved to dismiss the action for
19 improper venue under Federal Rule of Civil Procedure 12(b)(3) or transfer venue under 28
20 U.S.C. § 1406(a). Id.  The district court granted the internet service provider's motion to
21 dismiss and held that the forum selection clause required the controversy to be adjudicated
22 in Virginia. Id. at 1080–81. On appeal, the Ninth Circuit reversed and found the forum
23 selection clause unenforceable. Id. at 1084.

24        The Ninth Circuit held that the forum selection clause violated California public
25 policy and was unenforceable as to California residents bringing class action claims under
26 the CLRA. Id. at 1084. The Ninth Circuit construed "courts of Virginia" to mean only
27 Virginia's state courts. Id. at 1082. The court then explained that California has a public
28 policy of protecting its citizens' consumer rights and remedies under the CLRA. Id. at 1082–

84. The Ninth Circuit determined that enforcing the forum selection clause violated California public policy because consumer class actions were available under the CLRA, but not under Virginia law. Thus, requiring California plaintiffs to litigate in Virginia state court would cause the plaintiffs to forego their rights and remedies under the CLRA, including its anti-waiver provisions. Id. at 1084–85.

Doe 1 is readily distinguishable from the present case. In Doe 1, the court's decision was based on the conclusion that the California plaintiffs would not be able to pursue their claims as a class action if the forum selection clause was enforced. Id. at 1084. That is not the case here. Unlike the forum selection clause in the Doe 1, the Terms' forum selection clause permits Plaintiff to pursue her claims in state or federal court, and Defendant seeks only to transfer to Nevada district court. Accordingly, Plaintiff remains free to pursue her claims on a class basis in Nevada district court in accordance with Federal Rule of Civil Procedure 23. See Madanat v. First Data Corp., No. C 10-4100, 2011 WL 208062, at *4 (N.D. Cal. Jan. 21, 2011) (noting that Doe 1 did not foreclose application of forum selection clause where the plaintiff could pursue class action in transferee forum).

Plaintiff's argument rests on the assumption that if this case is transferred, then the District of Nevada will automatically enforce the Terms' choice of law provision selecting Nevada law, thereby denying Plaintiff her rights as a California citizen under the CLRA. Plaintiff overlooks that the instant motion does not seek a choice of law determination. Rather, the resolution of which state's laws apply is a separate issue for the Nevada district court to determine. See Besag v. Custom Decorators, Inc., No. CV 08–05463, 2009 WL 330934, at *4 (N.D. Cal. Feb.10, 2009) (internal citations omitted) (rejecting the argument that enforcing a forum selection clause would contravene California public policy because it required speculation as to which law the transferee forum would ultimately apply and stating that "[a] forum selection clause determines where the case will be heard, [and] … is 'separate and distinct from choice of law provisions that are not before the court'"); Mazzola v. Roomster Corp., No. CV 10–5954, 2010 WL 4916610, at *3 (C.D. Cal. Nov. 30, 2010) ("Plaintiff is free to pursue remedies in federal court in New York…. [O]nce in the proper

1  venue, Plaintiff is free to argue for application of California law"); accord Billing v. CSA–
2  Credit Solutions of Am., Inc., No. 10–cv–0108, 2010 WL 2542275, at *4 (S.D. Cal. June
3  22, 2010); Sawyer v. Bill Me Later, Inc., No. CV 10-4461, 2011 WL 7718723, at *6–7
4  (C.D. Cal. Oct. 21, 2011); Gamayo v. Match.com LLC, Nos. C 11–00762 SBA, C 11–1076
5  SBA, C 11–1206 SBA, 2011 WL 3739542, at*5–6 (N.D. Cal. Aug. 24, 2011).

6       Plaintiff fails to demonstrate how a transfer pursuant to a contractual forum selection clause and § 1404(a) would contravene an express California public policy underlying the CLRA. Transferring the matter to the District of Nevada does not foreclose Plaintiff's ability to challenge the choice of law provision as she anticipates before this Court. Plaintiff is still free to raise the issue, and the district court in Nevada is fully competent to decide it. This Court's failure to transfer would imply a concern that the district court in Nevada cannot properly evaluate the choice of law issue. Further, to allow plaintiffs to defeat contractual forum selection clauses simply by alleging a cause of action under the CLRA would render forum selection clauses largely devoid of purpose. Therefore, the Court finds that enforcement of the Terms' forum selection clause is unrelated to its choice of law provision and does not contravene California public policy.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) is GRANTED, and this action is TRANSFERRED to the United States District Court for the District of Nevada, Northern Division.

Dated: June 1, 2016

_____
HON. JOHN A. HOUSTON
United States District Judge